# EXHIBIT NO. 1

1

2

3

4

5

6

7

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF FERRY

8    CHARLES H. WILSON, married individual,          Case No.:

9                      Plaintiff,                    SUMMONS

10        vs.

11   ROCKET MORTGAGE, LLC a foreign
     Michigan corporation registered in
12   Washington.

13                    Defendants.

14   TO THE DEFENDANT ROCKET MORTGAGE LLC:

15        A lawsuit has been started against you in the above-entitled court by Charles H. Wilson,

16   Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you

17   with this summons.

18        In order to defend against this lawsuit, you must respond to the complaint by stating

19   your defense in writing, and by serving a copy upon the person signing this summons within 20

20   days after the service of this summons, excluding the day of service, or a default judgment may

21   be entered against you without notice. A default judgment is one where plaintiff is entitled to

22   what he asks for because you have not responded. If you serve a notice of appearance on the

23   undersigned person, you are entitled to notice before a default judgment may be entered.

24

SUMMONS—I                                            LAW OFFICE OF SARAH N. CUELLAR, PLLC
                                                     P.O. BOX 904
                                                     REPUBLIC, WA 99166
                                                     (509) 207-9162

1    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

2    demand must be in writing and must be served upon the person signing this summons. Within 14

3    days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service

4    on you of this summons and complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6    that your written response, if any, may be served on time.

7    This summons is issued pursuant to rule 4 of the Civil Rules for Courts of Limited

8    Jurisdiction of the State of Washington.

9    Dated this 9th day of January, 2023.

10

11   Sarah N. Cuellar, WSBA No. 46591
     Attorney for Plaintiff

12   P.O. Box 904
     Republic, WA 99166

13

14

15

16

17

18

19

20

21

22

23

24

SUMMONS—2

1

2

3

4

5

6

7

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF FERRY

| | |
|---|---|
| 8   CHARLES H. WILSON, married individual, | Case No.: |
| 9                          Plaintiff, | COMPLAINT FOR DAMAGES |
| 10          vs. | |
| 11   ROCKET MORTGAGE, LLC a foreign Michigan corporation registered in | |
| 12   Washington. | |
| 13                          Defendants. | |

14      COMES NOW the above-named Plaintiff and hereby claims against the Defendant as

15   follows:

16                          **I.      INTRODUCTION**

17      1.1 This is an action for actual and statutory damages, costs, and attorney's fees brought

18          pursuant to the Washington Consumer Protection Act, RCW §§ 1.86.010-920

19          ("WCPA"), breach of contract, and the 12 U.S.C. Chapter 27 Real Estate Settlement

20          Procedures Act.

21

22   //////

23

24

COMPLAINT FOR DAMAGES—1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II.    PLAINTIFF

2.1 Plaintiff CHARLES H. WILSON is a married person residing in Ferry County, Washington at the time the cause of action arose, and is competent to bring this action. Plaintiff is bringing this action in his individual capacity regarding his separate property

2.2 Plaintiff Charles H. Wilson is a "borrower" and "person" for purposes of 12 U.S.C. Chapter 27 as defined within that chapter.

## III.    DEFENDANTS

3.1 Defendant Rocket Mortgage, LLC is a licensed mortgage lender and consumer loan company.

3.2 Defendant Rocket Mortgage, LLC is a Michigan corporation.

3.3 Defendant Rocket Mortgage, LLC is registered with the Washington Secretary of State as a foreign bank corporation.

3.4 Defendant Rocket Mortgage, LLC conducts most of its business online and holds itself out to customers located in Washington State and Ferry County.

3.5 The Defendant is a "servicer" as defined by 12 U.S.C. §2605(i)(2).

3.6 The Defendant is a "person" as defined by 12 U.S.C. §2602(2).

## IV.    JURISDICTION AND VENUE

3.7 The Defendant conducts business within the County of Ferry and the unlawful acts giving rise to this Complaint occurred in the County of Ferry.

3.8 The Plaintiff resides within the territorial jurisdiction of this Court.

COMPLAINT FOR DAMAGES—2

3.9 This Court has jurisdiction over Plaintiff's WCPA claims. RCW 19.86.160, RCW

3.66.020.

3.10    This Court has jurisdiction to hear Plaintiff's federal claims as Plaintiff was a

resident of Ferry County when the violations of law occurred. 12 U.S.C. § 2614;

RCW 3.66.020.

3.11    Under Washington's long-arm statute, RCW 4.28.185(1), a person residing

outside of this State is nonetheless subject to the jurisdiction of courts in this State

and held to answer as to any cause of action arising from the "transaction of any

business within this State."

3.12    This is the proper venue because the Defendant does business in Ferry County

and Ferry County is where the causes of action arose. RCW 3.66.040(1).


## II.    FACTUAL BACKGROUND

3.1 Plaintiff Charles Wilson mortgaged real property in Ferry County, Washington on or

about September 2016. The loan agreement entered into by the Plaintiff was a

federally related mortgage loan as defined by 12 U.S.C. § 2602(1).

3.2 Concurrently with the issuance of the mortgage, or sometime thereafter, the loan

servicer added Marsh R. Wilson, Plaintiff's then-spouse as a borrower on the loan.

3.3 At some point subsequent to the execution of the loan agreement and at all times

pertinent hereto; the Defendant was the Servicer of the loan referenced in Paragraph

3.1 above.

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

1    3.4 On March 5, 2020 the Plaintiff and his former spouse Marsha R. Wilson entered into

2        a Marital Settlement Agreement ("Agreement"). A true and correct copy of the

3        Agreement is attached as Exhibit A.

4    3.5 A Final Divorce Order ("Order") was entered in Ferry County Superior Court under

5        cause no. 20-3-00007-10 on June 29, 2020. A true and correct copy of the Order is

6        attached as Exhibit B.

7    3.6 The terms of the Agreement were incorporated into the Decree and ordered the

8        parties to comply with the terms of the Agreement. Exhibit B, p. 2, ¶ 5, 7.

9    3.7 The Agreement granted all interest in community real property to the Plaintiff.

10       Exhibit A, ¶ 3.

11    3.8 The Agreement states "that all community property was already divided and that

12       property in possession of each respective party was characterized as separate

13       property" Exhibit A, ¶ 2.

14    3.9 The Agreement further states "[Marsha Wilson] recognizes that by acknowledging

15       sole ownership to [Charles Wilson], all rights to any current and future equity

16       invested or to be invested in the real estate is being forfeited. This title shall be free of

17       liens and encumbrances, except for the existing mortgage, which [Charles Wilson]

18       assumes." Exhibit A, ¶ 3.

19    3.10    The Order and Agreement assigned the mortgage debt to the Plaintiff. Exhibit A,

20       ¶ 3.

21    3.11    On November 11, 2021, Defendant Rocket Mortgage, LLC issued an escrow

22       account refund check to in the name of both the Plaintiff and his former spouse in the

23       amount of $17.48. A true and correct copy of the check is attached as Exhibit C.

24

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

3.12    In an attempt to deposit the check, Plaintiff made inquiries at all financial institutions where he held accounts and Chase Bank, the bank upon which the check was drawn. Plaintiff formed the opinion that he would be unable to deposit the refund check without opening a joint account with his former spouse.

3.13    Plaintiff contacted the Defendant's customer service department to request reissuance of the check in his name only. Plaintiff was informed that he must refinance his loan in order to have his former spouse's name removed from the loan and the check reissued in his name only.

3.14    In reliance on the statements of the Defendant's employees and agents, Plaintiff refinanced his loan for a fee of $600.

3.15    As a consequence of the refinance, Rocket Mortgage issued another escrow refund check on April 20, 2022 in the amount of $1,088.56. A true and correct copy of the check is attached as Exhibit D.

3.16    Plaintiff contacted Defendant's customer service phone line again to explain that he had refinanced to remove his former spouse's name from his mortgage and requesting reissuance of the two check in his name only.

3.17    Defendant's agents refused repeated requests by Plaintiff and his attorney to reissue the checks.

3.18    Plaintiff believes that his former spouse currently resides outside of the State of Washington. Travelling out of state to open a joint account with his former spouse would cost more than the value of the refund checks.

3.19    Under the standard terms of a deposit agreement at a bank, the persons named on the account hold the funds in the account as joint tenants. If Plaintiff did open a joint

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

1    account to deposit the check, he would be forfeiting an ownership interest in the

2    refund check.

3    3.20    Plaintiff hired legal counsel to request reissuance of the checks from the

4    Defendant on his behalf.

5    3.21    Beginning in June, 2022 and continuing until August, 2022, Plaintiff contacted

6    the Defendants multiple times by phone and in writing to request reissuance of the

7    refund check in accordance with the terms of the Agreement and Order. Attached as

8    Exhibit E are true and correct copies of the written correspondence between the

9    Plaintiff, Plaintiff's attorney, and the Defendant.

10

11                    **III.    WASHINGTON CONSUMER PROTECTION ACT**

12    3.1 Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the

13    allegations in the proceeding paragraphs.

14    3.2 Defendant has engaged in unfair or deceptive acts or practices in the conduct of its

15    business in violation of RCW 19.86.020.

16    3.3 It is unfair to require a borrower to spend more money than the value of a check

17    issued in order to deposit it. The refund checks issued to Plaintiff have no value to

18    Plaintiff because they cannot be deposited. It is unfair and deceptive to deprive a

19    consumer of his escrow account balance because of the mere opinions of Defendant's

20    agent and employee. *See* Exhibit E, Email dated July 26, 2022.

21    3.4 Such act or practice is injurious to the public health because it had and has the

22    capacity to injure other members of the public. The Defendant's violations of federal

23

24

COMPLAINT FOR DAMAGES—6

law regulating mortgage servicing violates the WCPA because the Real Estate

Settlement Procedures Act includes a legislative declaration of public interest impact.

3.5 Members of the public have a right to divorce and a right to have the terms of divorce

decrees and property divisions honored by all entities and businesses within the

jurisdiction of the Court entering the order. Defendants are injuring the public by

conducting business within the State of Washington but refusing to comply with

orders issued by Washington Courts.

3.6 The actions of the Defendant has resulted in actual damage to the Plaintiff in the

amount of $1,706.04, plus attorney's fees and the costs of litigation.

## V.    VIOLATION OF 12 U.S.C. CHAPTER 27 REAL ESTATE SETTLEMENT PROCEDURES

5.1 Plaintiff re-allege and incorporates by reference, as if fully set forth herein, the

allegations in the proceeding paragraphs.

5.2 The Defendant violated 12 U.S.C. § 2605(e)(2)(B), which requires a written

explanation in response to borrower inquiries and "a statement of the reasons for

which the servicer believes the account of the borrower is correct as determined by

the servicer" to be made within a specific time frame.

5.3 Defendant failed to respond to Plaintiff's letter dated June 3, 2022 at all. *See* Exhibit

E.

5.4 In response to Plaintiff's attorney's letter dated July 20, 2022, Defendant's

employee's email stating that Plaintiff is not entitled to a reissuance of the escrow

refund checks because, in the employee's sole and unsupported opinion, Chase Bank

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

should allow the check to be cashed, does not fulfill the public interest policy goal of the statute.

5.5 The Defendant violated 12 U.S.C. § 2605(e)(2)(C)(2) for failing to provide "the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower" as required by that statute.

5.6 Defendant's multiple violations of 12 U.S.C. § 2605 constitute a pattern or practice of noncompliance with the requirements of this section

5.7 12 U.S.C. § 2605(f)(1)(B) authorizes statutory damages of $2,000 to individuals bringing a cause of action under that section.

## VI.    BREACH OF CONTRACT

6.1 Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in the proceeding paragraphs.

6.2 Defendant breached its contract with the Plaintiff by failing to abide by the terms of a valid and enforceable court order amending the terms of the contract.

## IV.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays to the court for the following relief:

A.    An award in favor of the Plaintiff and against the Defendant of a judgment for treble the amount of actual damages under the Washington Consumer Protection Act in the amount of $5,118.12;

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

1    B.    An award in favor of the Plaintiff and against the Defendant, of a judgment for

2          additional damages for the Defendant's pattern and practice of non-compliance with

3          the terms of 12 U.S.C. § 2605 in the amount of $2,000.00;

4    C.    An award for general and special damages in favor of the Plaintiff and against the

5          Defendant in an amount to be proved at trial pursuant to any theory above;

6    D.    An award for attorney's fees in favor of the Plaintiff and against the Defendant as

7          provided in the Washington Consumer Protection Act;

8    E.    For the costs of this suit;

9    F.    For pre- and post-judgment interest as allowed by law; and

10   G.    For such other and further relief as the court may deem just and proper.

11

12   DATED this 9th day of January 2023.

13   _____

14   SARAH CUELLAR, WSBA# 46591
     Attorney for Plaintiff
15   P.O. Box 904
     Republic, WA 99166
16   (509) 207-9162

17

18

19

20

21

22

23

24

COMPLAINT FOR DAMAGES—9

LAW OFFICE OF SARAH N. CUELLAR, PLLC
665 S. CLARK AVE., UNIT 2 | P.O. BOX 904
REPUBLIC, WA 99116
(509) 207-9162

Exhibit A

FILED CLERKS OFFICE
FERRY COUNTY

MAR 0 5 2020

11:33 am
JEAN BOOHER

**Superior Court of Washington**
**County of Ferry**

In re the Marriage of:

Marsha R. Wilson

                                    Petitioner,

and

Charles E. Wilson

                                    Respondent.

No._____  20  3  00007  10

**Marital Settlement**
**Agreement**

This agreement is made on  2-10-2020  , between
Marsha R. Wilson, the Petitioner, with a social security number of 533648505, who lives at
30 Silk RD, Republic, Washington, 99166 (home phone: 5092070829) and the county of
Ferry and Charles E. Wilson, the Respondent, with a social security number of 536525927,
who lives at 16613 HWY 21 N, Republic, Washington, 99166 (home phone: 5097753679)
and the county of Ferry.

The Petitioner and Respondent may from time to time throughout this agreement, individually
and collectively, be referred to as "Party" or "Parties".

The Petitioner is currently not employed.

The Respondent is currently not employed.

1. **Recitals:**
   The parties are making this agreement with reference to the following facts:

1

-6-

The parties were married on November 28, 1997 in the city of Cour de alene, in the state of Idaho, and separated on or about, May 23, 2019.

As a result of serious disputes, conflict of personalities, and unique goals and differences, the parties honestly believe that the marriage is irretrievably broken and that there is no possible chance for reconciliation. For this reason each party desires to settle fully and finally all aspects and rights, by this agreement, of the marital affairs including, but not limited to; Property and Debt Distribution, The Marital Home, Retirement/Pension/Profit Sharing/401k Accounts, Spousal Maintenance, and Income Tax Returns.

There are no children born or legally adopted of the marriage under the age of eighteen (18).

The parties each now intend by this agreement to settle fully and finally all of their respective rights and obligations arising out of or related to the marriage that otherwise could be adjudicated in the above captioned case number.

There is no other pending action filed by either party regarding the dissolution of the marriage.

The date of execution of this agreement is the day on which the agreement is signed by both parties.

Any transfer of property, funds, debts and/or documents pursuant to the agreement shall be made on the date of the execution of this agreement, if not already done so, unless otherwise specified in this agreement.

The parties both agree to lead separate lives, and, except for the duties and obligations imposed and assumed under this agreement, each shall be free from interference and control of the other as fully as if he or she were single. The parties each agree not to molest, interfere with, or harass the other.

2. **Property and Debt Distribution:**
As of May 30, 2019, the parties have each possessed his and her community and non-community property and have been responsible for the community and non-community (separate) debt that will be described below.

The parties agree that the following community property shall be the sole and separate property of Charles E. Wilson, the Respondent, and Marsha R. Wilson, the Petitioner transfers and quitclaims any interest that she may have in this community property to the Respondent:

    NONE

The parties agree that the following community property shall be the sole and separate property of Marsha R. Wilson, the Petitioner, and Charles E. Wilson, the Respondent transfers and quitclaims any interest that he may have in this community property to the Petitioner:

    NONE

The parties agree that Charles E. Wilson, the Respondent, shall pay and indemnify and hold Marsha R. Wilson, the Petitioner, harmless from the following community debts:

None

The parties agree that Marsha R. Wilson, the Petitioner, shall pay and indemnify and hold Charles E. Wilson, the Respondent, harmless from the following community debts:

NONE

The parties agree that the following non-community (separate) property shall be the sole and separate property of Charles E. Wilson, the Respondent, and Marsha R. Wilson, the Petitioner transfers and quitclaims any interest that she may have in this non-community (separate) property to the Respondent:

None

The parties agree that the following non-community (separate) property shall be the sole and separate property of Marsha R. Wilson, the Petitioner, and Charles E. Wilson, the Respondent transfers and quitclaims any interest that he may have in this non-community (separate) property to the Petitioner:

None

The parties agree that Charles E. Wilson, the Respondent, shall pay and indemnify and hold Marsha R. Wilson, the Petitioner, harmless from the following non-community (separate) debts:

None

The parties agree that Marsha R. Wilson, the Petitioner, shall pay and indemnify and hold Charles E. Wilson, the Respondent, harmless from the following non-community (separate) debts:

None

The parties both hereby represent and warrant that as of the date of this agreement, they do not possess any property or interests in property other than the items listed in this agreement; and that the items set forth and listed in the agreement constitute full and complete disclosure.

In addition to the items listed in this agreement, if any undisclosed property or interests in property is discovered subsequently, and a court of competent jurisdiction determines it to be marital or community property of the parties, such discovery and determination shall not invalidate this agreement but, the property or the interest in it shall at the election of the discovering party (i) be divided equally or equitably in kind or (ii) be accounted for by the party in possession who may pay to the discovering party a sum of money to offset an equal or equitable portion.

The parties both hereby represent and warrant that except for the debts and obligations set forth and listed above, each has not incurred any other outstanding debt or obligation on which the other may become liable, nor has either party incurred any obligation that could henceforth be enforced against any asset held or received pursuant to this

3

agreement.

In the event that any outstanding debt or obligation of any kind has been incurred by either party, other than those listed above (and is hereafter asserted against the other), the party actually incurring the debt or obligation shall assume and be solely responsible for paying it and shall hold the other party harmless from all claims with respect to the debts, obligations, and expenses with respect to those debts.

In the event that the other party becomes a debtor in any bankruptcy or financial reorganization proceeding of any kind while this agreement is in effect, that debtor party waives any and all rights to any property held by the other party which is in fulfillment of this agreement. The debtor party will also convey to the other party that the bankruptcy or financial reorganization proceeding is going to take place.

The parties acknowledge and agree that the credit history established by them during their marriage shall be deemed to have the credit history of both parties, not withstanding ordinary practices of creditors and credit reporting agencies that may have reported such credit history in the name of one party. Both parties agree to cooperate and execute any documents as may be required to enable each other to provide to prospective creditors the full credit history of the parties that was established during the marriage.

The parties each represent to the other that from the date of this agreement each party shall not charge or incur or cause to be incurred any liability or obligations based on the credit or name of the other. Each of the parties shall do whatever is necessary to close immediately all joint accounts.

The parties each forever waive any right to inherit from the other and the right to receive any property on the death of the other, except as a beneficiary of any life insurance policy, by reason of a will, codicil, or republication of will by the other party executed subsequent to the date of this agreement.

The parties each waives all right to act as administrator of the other party's estate and all right to request or petition for the appointment of any person to serve as such representative or to act as the executor of the other's will, unless expressly named in a will, codicil, or republication of will by the other party executed subsequent to the date of this agreement.

3. **Marital Home:**
There is a marital home of this marriage located at:
    16613 HWY 21 N, Republic, Washington 99166,
with a legal description of: 3.5 miles north on highway 21

The parties have agreed that this real estate will not be sold and the Respondent will remain as the sole owner.

The Petitioner recognizes that by acknowledging sole ownership to the Respondent, all rights to any current and future equity invested or to be invested in the real estate is being forfeited.

This title shall be free of liens and encumbrances, except for the existing mortgage, which Respondent assumes. Respondent agrees to indemnify and hold harmless the Petitioner for any mortgage payments, taxes, liability and expense incurred in connection with this real estate. Petitioner waives any and all rights or claims to any insurance policies

4

held in connection with said real estate, or the proceeds from any such insurance policies.

4. **Retirement Accounts/Pensions/401ks/Profit Sharing Plans:**
The parties each waive all claims, present and future to the other's pension benefits, retirement funds, 401k's, profit sharing plans and accounts of the like.

5. **Spousal Maintenance:**
After careful consideration of the circumstances and all the other terms of this agreement, the parties agree to waive any rights or claims that he or she may have now or in the future to receive any rehabilitative or permanent spousal maintenance from the other party.

The parties both agree each will be responsible for his and her own health and medical insurance coverage.

6. **Income Tax Returns:**
The parties agree that they will file joint federal, state and local tax returns for the calendar year in which this agreement is made into effect.

The parties both agree that they will cooperate in the filing of any necessary tax returns and if any tax refunds are due on jointly filed returns they shall be divided equally.

For each calendar year after the year this agreement is made into effect, each party shall file separate federal, state and local income tax returns, in which each shall include and report all of his or her separate income and shall pay all income taxes due.

The parties each agree to notify the other promptly in the event the IRS or any state or local taxing authority provides notice of an audit, deficiency, refund, or the adjustment regarding a tax return that was jointly filed or that should have been jointly filed. The party receiving such notice from a taxing authority shall provide a copy of the notice to the other party within 20 days of receiving it.

The parties further agree to cooperate fully with the other in any claims for refunds or in defending against any deficiencies that may be determined with respect to joint income tax returns filed (or to be filed). This includes, without limitation, the making, executing, and filing of amended income tax returns; applications for refunds, protests, and other instruments; and documents as may be required. The costs and expenses for such will be divided equally between the parties.

7. **Professional Fees and Costs:**
The parties have not acquired any professional service fees which they desire to be recognized, mentioned, or distributed by this agreement.

8. **Advice of Counsel:**
The parties each acknowledge that they have the legal right to representation by separate attorneys. The parties each fully understand his and her rights and the contents of this agreement.

The parties each consider the terms of this agreement to be fair and reasonable and each party accepts sole responsibility for any decisions, and potential repercussions of those decisions, which are presented as part of this agreement.

9. **Mutual Releases:**
Each party hereby releases the other from any claim of action that either may have against the other for any reason occurring prior to this agreement, whether that claim is founded in contract, tort, or any other basis.

10. **Governing Law:**
The parties agree that this document is intended to be a full and an entire settlement and agreement between them regarding the marital rights and obligations and that this agreement, and all contents within and attached, shall be interpreted and governed by the laws of the State of Washington.

11. **Entire Agreement:**
This agreement constitutes the entire and full agreement between the parties. If any clause is held unenforceable or found to be in any way non-executable, or if a court alters or holds unenforceable any clause in this agreement, this shall in no way affect or alter the other clauses in the agreement, which shall remain in full force.

No amendment or modification to this agreement or any judgment, decree or order based on it shall be valid unless signed and agreed to by both parties or ordered by the court after a duly noticed hearing.

12. **Further Assurances:**
The parties shall execute and deliver promptly on request any additional papers, documents, and other assurances reasonably necessary in connection with the performance of the obligations set forth in this agreement. In the event that either party fails or refuses to comply with the provisions of this agreement, the failing party shall reimburse the other party for all loses and expenses including, but not limited to, attorney's fees and all costs incurred as a result of such failure.

13. **Captions and Interpretations:**
Paragraph captions have been used throughout this agreement for convenience and reference only and are not intended to be used in the construction or interpretation of this agreement or any of its provisions. No provision of this agreement is to be interpreted for or against any party by virtue of the fact that the provision was drafted by that party or that party's counsel.

14. **Submission to Court:**
This agreement has been drafted and executed with the intention that it be submitted by either party to any court before which a Petition for the Dissolution of Marriage may be pending or initially filed for approval by the court and for incorporation into a Decree of Dissolution of Marriage.

15. **Verification/Disclosure:**
The parties both have reviewed this agreement cooperatively and each party has fully and honestly disclosed to the other the extent of his or her assets, income, and financial situation, and therefore enter into this agreement reliance thereupon.

16. **Successions:**
The parties each acknowledge that this agreement, and each provision of it, is expressly made binding upon the heirs, assigns, executors, administrators, representatives and successors in the interest of each party.

Signed and dated on
_FEBRUARY 11 , 2020_ .

_CHARLES H WILSON_
Print Name (Respondent)

_Chrls H WL_
_____
Signature (Respondent)

_____
Witness

_____
Witness Signature

State of _____
County of _____

SWORN TO AND SUBSCRIBED BEFORE
ME by the said
On _February 11_ , 20_20_ ,
before me, the undersigned, a Notary
Public in and for said State, personally
appeared Charles E. Wilson, the
Respondent, known to me (or proved on
the basis of satisfactory evidence) to be
the person whose name is subscribed to
within the instrument and acknowledged
that he executed the same.

Witness my hand and official seal.

_Terri Kammers_
Notary Public _Terri L Kammers_

Notary Seal

My commission
expires: _August 9,2020_

TERRI L KAMMERS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
AUGUST 9, 2020

---

Signed and dated on
_February 11, 2020_

_Marsha R. Wilson_
Print Name (Petitioner)

_Marsha R. Wilson_
_____
Signature (Petitioner)

_____
Witness

_____
Witness Signature

State of _____
County of _____

SWORN TO AND SUBSCRIBED BEFORE
ME by the said
On _February 11_ , 20_20_ ,
before me, the undersigned, a Notary
Public in and for said State, personally
appeared Marsha R. Wilson, the Petitioner,
known to me (or proved on the basis of
satisfactory evidence) to be the person
whose name is subscribed to within the
instrument and acknowledged that she
executed the same.

Witness my hand and official seal.

_Terri Kammers_
Notary Public _Terri L Kammers_

Notary Seal

My commission
expires: _August 9, 2020_

TERRI L KAMMERS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
AUGUST 9, 2020

7

Exhibit B

State of Washington )
County of Ferry )

I, JEAN BOOHER, County Clerk and Ex-Officio Clerk of the Superior Court of the State of Washington, for Ferry County, holding session at Republic, do hereby certify that the foregoing is a true and correct copy of the original as the same appears on file and of record in my office. IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of said Court this

_____14th_____ day of _February 2022_

JEAN BOOHER
County Clerk, Ferry County, State of Washington

By _____ Deputy

FILED CLERKS OFFICE
FERRY COUNTY

JUN 2 9 2020

1pm

JEAN BOOHER

## Superior Court of Washington, County of Ferry

In re the marriage of:

Petitioner (*person who started this case*):

Marsha R. Wilson

And Respondent (*other spouse*):

Charles H. Wilson

No. 203-00007-10

[X] Final Divorce Order (Dissolution Decree) (DCD)
[ ] Final Legal Separation Order (Decree) (DCLGSP)
[ ] Invalid Marriage Order (Annulment Decree) (DCINMG)
[ ] Valid Marriage Order (Decree) (DCVMO)
[ ] Clerk's action required: **1, 2, 6, 13, 14, 16**

# Final [X] Divorce Order [ ] Legal Separation Order
# [ ] Invalid Marriage Order [ ] Valid Marriage Order

### 1. Money Judgment Summary

[X] No money judgment is ordered.

[ ] *Summarize any money judgments from sections 6 or 14 in the table below.*

| Judgment for | Debtor's name (person who must pay money) | Creditor's name (person who must be paid) | Amount | Interest |
|---|---|---|---|---|
| Money Judgment (section **6**) | | | $ | $ |
| Fees and Costs (section **14**) | | | $ | $ |
| Other amounts (*describe*): | | | $ | $ |
| Yearly Interest Rate: ____% (12% unless otherwise listed) | | | | |
| Lawyer (*name*): | | represents (*name*): | | |
| Lawyer (*name*): | | represents (*name*): | | |

### 2. Summary of Real Property Judgment (land or home)

[ ] No real property judgment is ordered

[X] *Summarize any real property judgment from section 7 in the table below.*

RCW 26.09.030; .040; .070(3)
Mandatory Form (07/2019)
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 1 of 9

| Grantor's name (person giving property) | Grantee's name (person getting property) | Real Property (fill in at least one) | |
|---|---|---|---|
| | | Assessor's property tax parcel or account number: | Legal description of property awarded (lot/block/plat/section, township, range, county, state) |
| Marsha Wilson | Chuck Wilson | 201712 | 3.5 miles north on highway 21 maritalhomefuture=4 Lot 5 Curlew Lake Meadows in sections Seventeen (17) and (20) Township Thirty seven (37) North, range Thirty three (33) E.W.M., as per survey recorded |
| Lawyer (name): | | represents (name): June 4, 1986 under Ferry | |
| Lawyer (name): | | represents (name): County auditors file NO. 201712 | |

➤ **The court has made Findings and Conclusions in this case and now Orders:**

**3. Marriage**

[X] This marriage is dissolved. The Petitioner and Respondent are divorced.

[ ] The Petitioner and Respondent are granted a Legal Separation.

[ ] This marriage is invalid (annulled).

[ ] This marriage is valid (not annulled).

**4. Name Changes**

[X] Neither spouse asked to change his/her name.

[ ] The Petitioner's name is changed to (new name):

_____
first                    middle                    last

[ ] The Respondent's name is changed to (new name):

_____
first                    middle                    last

**5. Separation Contract**

[ ] There is no enforceable separation contract.

[X] The spouses must comply with the terms of the separation contract signed on (date): _Feb 11, 2020_. This contract is (check one):

[ ] attached as an Exhibit and made part of this Order.

[ ] not filed with the court and is incorporated by reference. (RCW 26.09.070(5))

[X] filed with the court as a separate document and is incorporated by reference.

RCW 26.09.030; .040; .070(3)
Mandatory Form (07/2019)
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 2 of 9

**7.    Separation Contract**

☐ There is no separation contract.

☒ The spouses signed a separation contract on *(date):* _Feb 11, 2020_

    **Conclusion:**   The parties should *(check one):*

        ☒ be ordered to comply with the terms of the contract.

        ☐ not be ordered to comply with the terms of the contract because: __

        _____

☐ The contract provides that it shall **not** be set forth, filed, or made an exhibit to the order.

**8.    Real Property** (land or home)

☐ Neither spouse owns any real property.

☐ The spouses' real property is listed in Exhibit ____.  This Exhibit is attached and made part of these Findings.

☒ The spouses' real property is listed in the separation contract described in **7**.

☐ The spouses' real property is listed below:

| Real Property Address | Tax Parcel Number | Community or Separate Property |
|---|---|---|
| | | ☐ community property<br>☐ Petitioner's separate property<br>☐ Respondent's separate property |
| | | ☐ community property<br>☐ Petitioner's separate property<br>☐ Respondent's separate property |
| | | ☐ community property<br>☐ Petitioner's separate property<br>☐ Respondent's separate property |

☐ The court does not have jurisdiction to divide real property.

☐ Other *(specify):* _____

_____

_____

    **Conclusion:**   The division of real property described in the final order is fair (just and equitable).

**9.    Community Personal Property** (possessions, assets or business interests of any kind)

☐ There is no community personal property.

☐ The community personal property has already been divided fairly between the spouses.  Each spouse should keep any community personal property that s/he now has or controls.

CR 52; RCW 26.09.030; .070(3)
Mandatory Form *(05/16, rev.4/25/16)*
FL Divorce 231

Findings and Conclusions
about a Marriage
p. 3 of 10

[ ] The personal property listed in Exhibit ____ is given to Petitioner as his/her separate property. This Exhibit is attached and made part of this Order.

[ ] The personal property listed below is given to Petitioner as his/her separate property. *(Include vehicles, pensions/retirement, insurance, bank accounts, furniture, businesses, etc. Do not list more than the last four digits of any account number. For vehicles, list year, make, model and VIN or license plate number.)*

| | |
|---|---|
| 1. | 5. |
| 2. | 6. |
| 3. | 7. |
| 4. | 8. |

[ ] The court does not have jurisdiction to divide personal property.

[ ] Other *(specify):* _____

**9.   Respondent's Personal Property** (possessions, assets or business interests of any kind)

[ ] The personal property that Respondent now has or controls is given to Respondent as his/her separate property. No transfer of property between Petitioner and Respondent is required.

[X] The personal property listed as Respondent's in the separation contract described in **5** above is given to Respondent as his/her separate property.

[ ] The personal property listed in Exhibit ____ is given to Respondent as his/her separate property. This Exhibit is attached and made part of this Order.

[ ] The personal property listed below is given to Respondent as his/her separate property. *(Include vehicles, pensions/retirement, insurance, bank accounts, furniture, businesses, etc. Do not list more than the last four digits of any account number. For vehicles, list year, make, model and VIN or license plate number.)*

| | |
|---|---|
| 1. | 5. |
| 2. | 6. |
| 3. | 7. |
| 4. | 8. |

[ ] The court does not have jurisdiction to divide personal property.

[ ] Other *(specify):* _____

**10.  Petitioner's Debt**

The Petitioner must pay all debts s/he has incurred (made) since the date of separation, unless the court makes a different order about a specific debt below.  *(Check one):*

[ ] The Petitioner has no debt.

[ ] The Petitioner must pay the debts that are now in his/her name.

RCW 26.09.030; .040; .070(3)
Mandatory Form *(07/2019)*
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 4 of 9

[X] The Petitioner must pay debts as required by the separation contract described in **5** above.

[ ] The Petitioner must pay the debts listed in Exhibit _____. This Exhibit is attached and made part of this Order.

[ ] The Petitioner must pay all debts listed below:

| Debt Amount | Creditor (person or company owed this debt) | account number (last 4 digits only) |
|---|---|---|
| $ | | |
| $ | | |
| $ | | |
| $ | | |

[ ] The court does not have jurisdiction to divide debts.

[ ] Other *(specify)*: _____

## 11. Respondent's Debt

The Respondent must pay all debts s/he has incurred (taken on) since the date of separation, unless the court makes a different order about a specific debt below. *(Check one):*

[ ] The Respondent has no debt.

[ ] The Respondent must pay the debts that are now in his/her name.

[X] The Respondent must pay debts as required by the separation contract described in **5** above.

[ ] The Respondent must pay the debts listed in Exhibit _____. This Exhibit is attached and made part of this Order.

[ ] The Respondent must pay all debts listed below:

| Debt Amount | Creditor (person or company owed this debt) | account number (last 4 digits only) |
|---|---|---|
| $ | | |
| $ | | |
| $ | | |
| $ | | |

[ ] The court does not have jurisdiction to divide debts.

[ ] Other *(specify)*: _____

## 12. Debt Collection (hold harmless)

[ ] Does not apply.

[X] If one spouse fails to pay a debt as ordered above and the creditor tries to collect the debt from the other spouse, the spouse who was ordered to pay the debt must hold the other spouse harmless from any collection action about the debt. This includes

reimbursing the other spouse for any of the debt he/she paid and for attorney fees or costs related to defending against the collection action.

[ ] Other *(specify):* _____

## 13. Spousal Support (maintenance/alimony)

[X] No spousal support is ordered.

[ ] Spousal support must be paid as required by the separation contract described in **5** above. Spousal support will end when either spouse dies, or the spouse receiving support gets married or registers a new domestic partnership, *unless* the separation contract provides differently.

[ ] Spousal support must be paid as described in Exhibit ___. This Exhibit is attached and made part of this Order. Spousal support will end when either spouse dies, or the spouse receiving support gets married or registers a new domestic partnership, *unless* the Exhibit provides differently.

[ ] The *(check one):* [ ] Petitioner  [ ] Respondent must pay spousal support as follows:

| Amount: | Start date: | End date : | Payment schedule: |
|---|---|---|---|
| $_____ each month | _____ *Date 1st payment is due* | *(If any)* | *Day(s) of the month each payment is due (for example, "the 5th," "weekly," or "half on the 1st and half on the 15th")* |

Whether or not there is an end date, as a matter of law spousal support will end when either spouse dies, or the spouse receiving support gets married or registers a new domestic partnership, unless expressly stated below. (RCW 26.09.170(2).)

[ ] Other *(specify):* _____
_____
_____
_____

**Make all payments to** *(check one):*

[ ] the other spouse directly by *(check one):*

[ ] mail to: _____
Street address or PO box          City          State          Zip

[ ] direct deposit/transfer to a bank account identified by the receiving party.

The receiving party must notify the paying party of any address or account change.

[ ] the Washington State Support Registry. The Registry will forward the support to the other spouse *(only if child support is also ordered). (If you check this box, also check the "Clerk's action required" box in the caption on page 1.)* **To the Clerk:** *forward a copy of this order to WSSR.*

[ ] the court clerk, who will forward the support to the other spouse *(only if there is no child support order). (If you check this box, also check the "Clerk's action required" box in the caption on page 1.)*

[ ] Other *(specify):* _____

[ ] The spouse paying support has public (state) retirement benefits. *(RCW 26.09.138)*

RCW 26.09.030; .040; .070(3)
Mandatory Form *(07/2019)*
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 6 of 9

[ ] The spouse owed support may ask, without giving notice, for the other spouse's retirement benefits to be assigned to him/her if:

- $100 or more in spousal support is more than 15 days late, or
- The other spouse asks to take money out of his/her public retirement account. *(RCW 41.50)*

[ ] The Department of Retirement Systems may pay all or part of a withdrawal from a retirement account directly to the spouse owed support. *(RCW 41.50.550(3))*

[ ] Other *(specify):* _____

## 14. Fees and Costs *(Summarize any money judgment in section 1 above.)*

[ ] Each spouse will pay his/her own fees and costs.

[X] Fees and costs must be paid as required by the separation contract described in 5 above.

[ ] The court orders a money judgment for fees and costs as follows:

| Judgment for | Debtor's name *(person who must pay money)* | Creditor's name *(person who must be paid)* | Amount | Interest |
|---|---|---|---|---|
| [ ] lawyer fees | | | $ | $ |
| [ ] guardian ad litem (GAL) fees | | | $ | $ |
| [ ] court costs | | | $ | $ |
| [ ] other fees and expenses *(specify):* | | | $ | $ |

The **interest rate** is 12% unless another amount is listed below.

[ ] The interest rate is _____% because *(explain):* _____

_____

[ ] Other: _____

_____

## 15. Protection Order

[X] No one requested an *Order for Protection.*

[ ] **Approved** – The request for an *Order for Protection* is approved. The *Order for Protection* is filed separately.

[ ] **Denied** – The request for an *Order for Protection* is denied. The *Denial Order* is filed separately.

[ ] **Renewed/Changed** – The existing *Order for Protection* filed in or combined with this case is renewed or changed as described in following order, filed separately *(check one):*

    [ ] *Order on Renewal of Order for Protection*

    [ ] *Order Modifying/Terminating Order for Protection*

[ ] Other: _____

RCW 26.09.030; .040; .070(3)
Mandatory Form (07/2019)
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 7 of 9

## 16. Restraining Order

[X] No one requested a *Restraining Order.*

[ ] **Approved** – The request for a *Restraining Order* is approved. The *Restraining Order* is filed separately.

[ ] **Denied** – The request for a *Restraining Order* is denied.

[ ] Check this box if the court previously signed a <u>temporary</u> Restraining Order and is **not** signing a <u>final</u> Restraining Order in this case. Also check the "Clerk's action required" box in the caption on page 1.

Name of law enforcement agency where the Protected Person lived when the *Restraining Order* was issued: _____

**To the Clerk:** Provide a copy of this Order to the agency listed above within one court day. The law enforcement agency must remove the <u>temporary</u> *Restraining Order* from the state's database.

## 17. Children of the marriage

[X] The spouses have **no** children together who are still dependent.

[ ] This court has jurisdiction over the children the spouses have together as explained in the *Findings and Conclusions* for this case.

If there are children of both spouses listed in the *Findings and Conclusions* who do not have both spouses listed on their birth certificates, the State Registrar of Vital Statistics is ordered to amend the children's birth certificates to list both spouses as parents upon receipt of a certified copy of this order and the *Findings and Conclusions*.

> Note – The court does not forward this order to Vital Statistics. To amend the birth certificate, a party must provide a certified copy of this order and the *Findings and Conclusions* and pay a filing fee to the State Registrar of Vital Statistics (360-236-4347). You may order a copy of the amended birth certificate for an additional fee.

[ ] This court does **not** have jurisdiction over the children as explained in the *Findings and Conclusions* for this case.

## 18. Parenting Plan

[X] Does not apply. The spouses have no dependent children together, or the court does not have jurisdiction over the children.

[ ] The court signed the final *Parenting Plan* filed separately today or on *(date):* _____.

[ ] The guardian ad litem (GAL) is discharged.

## 19. Child Support

[X] Does not apply. The spouses have no dependent children together, or the court does not have jurisdiction over child support.

[ ] **Court Order** – The court signed the final *Child Support Order* and *Worksheets* filed separately today or on *(date):* _____.
Tax issues and post-secondary (college or vocational school) support are covered in the *Child Support Order*.

RCW 26.09.030; .040; .070(3)
Mandatory Form *(07/2019)*
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 8 of 9

[ ] **Administrative Order** – The court is **not** issuing a child support order. There is an administrative child support order established by DSHS Division of Child Support (DCS) for the dependent children of this marriage.

DCS child support orders do not cover tax issues or post-secondary (college or vocational school) support. Therefore, the court orders:

[ ] **Tax Issues** – The parties have the right to claim the children as their dependents for purposes of personal tax exemptions and associated tax credits on their tax forms as follows *(describe):*

_____

_____

For tax years when a non-custodial parent has the right to claim the children, the parents must cooperate to fill out and submit IRS Form 8332 in a timely manner.

> *Important! Although the personal tax exemptions are currently suspended under federal law through tax year 2025, other tax benefits may flow from claiming a child as dependent.*

[ ] **Post-secondary (college or vocational school)** –The court orders:

[ ] A parent may ask the court for post-secondary support at a later date, but he/she must file that request before the duty to pay child support ends.

[ ] The parents must pay for the children's post-secondary support. The parents will make a post-secondary support plan or the court will order one.

[ ] Post-secondary support is **not** required.

[ ] Other *(specify):* _____

**20. Other Orders** (if any):

_____

_____

_____

_____

**Ordered.**

June 29, 2020
Date

Judge or Commissioner     JESSICA T. REEVES

**Petitioner and Respondent or their lawyers fill out below.**

This document *(check any that apply):*
[ ] is an agreement of the parties
[ ] is presented by me
[ ] may be signed by the court without notice to me

Marsha R. Wilson
Petitioner signs here or lawyer signs here + WSBA #

**Marsha R. Wilson**          6-9-2020
Print Name                    Date

This document *(check any that apply):*
[ ] is an agreement of the parties
[ ] is presented by me
[ ] may be signed by the court without notice to me

Respondent signs here or lawyer signs here + WSBA #

**Charles E. Wilson**          6-28-20
Print Name                    Date

RCW 26.09.030; .040; .070(3)
Mandatory Form (07/2019)
FL Divorce 241

Final Divorce/Legal Separation/
Valid/Invalid Marriage Order
p. 9 of 9

Exhibit C

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

$\frac{9-32}{720}$

Check No: 18552613

Payment Date: 11/11/2021

Pay to the
Order of:    CHARLES HUGH WILSON
             MARSHA RUTH WILSON

**SEVENTEEN AND 48/100 DOLLARS**                    Dollars

| Amount |
|--------|
| $17.48 |

JPMorgan Chase Bank, N.A.
Detroit, MI

Authorized Signature

⑈OO⑈855263⑈⑈ ⑈O72OOO326⑈ 935552521⑈⑈

Exhibit D

DO NOT ACCEPT THIS CHECK UNLESS THE PINK LOCK ICON FADE WHEN WARMED AND COOLED

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

JPMORGAN CHASE
DISBURSEMENT CLEARING

PIF        G05        3360850959
3360850959

$\frac{9\text{-}32}{720}$

| CHECK NO. | MO/DAY/YR |
|-----------|-----------|
| 0019342544 | 04/20/2022 |

| AMOUNT |
|--------|
| $1,088.56 |

VOID IF NOT CASHED WITHIN 1800 DAYS

FOR PAYMENT OF ESCROW TO MORTGAGOR

One Thousand Eighty Eight and 56/100 Dollars

PAY TO
THE ORDER
OF

CHARLES HUGH WILSON
MARSHA RUTH WILSON
16613 N HIGHWAY 21
REPUBLIC  WA 99166-9638

*LaQuanda Sai*

AUTHORIZED SIGNATURE

⑈00193425449⑈ ⑈072000326⑈      935552521⑈

RUB OR BREATHE ON THE PINK LOCK ICON—COLOR WILL FADE AND THEN REAPPEAR ON AN AUTHENTIC CHECK—IF COLOR DOES NOT FADE DO NOT ACCEPT

Exhibit E

16613 N. Highway 21, Republic, WA  99166
509.775.3679
cwilson1063@gmail.com

June 3, 2022

**VIA CERTIFIED US MAIL**

Mr. Bob Walters, President, C.E.O. & C.O.O.
Rocket Mortgage LLC
1050 Woodward Avenue
Detroit, Michigan  482265

Re:  Loan No. 3498674605

Dear Mr. Walters:

I am in receipt of Rocket Mortgage's Check No. 0019342544, in the amount of $ 1,088.56 dated 04/20/2022 and Check No 18552613 in the amount of $ 17.48, dated 11/11/2021. These checks are made out to me and my ex-wife, Marsha, which I cannot cash.  As I explained to Anthony Cardinali, Senior Banker, and numerous other Rocket Mortgage employees (that I have spoken with since November 21, 2021, my ex-wife signed a Quit Claim deed prior to our marriage, and the Divorce Decree states she has no legal interest in this property.

Since receipt of these checks, I have been in communication by telephone to Mr. Cardinali and numerous employees of Rocket Mortgage (Anthony, Nick, Erica, others that I don't remember), to no avail.  This situation is very frustrating, and as a Veteran of the US Army, the time and trouble that is has taken has been very taxing to me.

Thank you.

Sincerely,

Charles H. Wilson

CHW/gbo

 **Gmail**

<span style="float:right">Sarah Cuellar &lt;attorney@sarahcuellar.com&gt;</span>

## Charles Wilson / Loan no. 3360850959
12 messages

---

**Sarah Cuellar** &lt;attorney@sarahcuellar.com&gt;
To: jasonstjohn@rocketmortgage.com

<span style="float:right">Wed, Jul 20, 2022 at 2:21 PM</span>

Jason,

Please see attached correspondence and enclosures.
Law Office of Sarah N. Cuellar, PLLC
665 S. Clark Ave., Unit 2
P.O. Box 904
Republic, WA 99166
(509) 207-9162 phone
(509) 357-1604 fax

NOTICE OF CONFIDENTIAL/PRIVILEGED COMMUNICATION This email and any files transmitted with it may be protected by the attorney/client privilege, work product doctrine, or other confidentiality protections. It is intended solely for the individual or entity to whom it is addressed.

---

**3 attachments**

📄 **ltr to Jason St John 7.20.22.pdf**
166K

📄 **Wilson Marital Settlement Agreement.pdf**
2238K

📄 **Wilson Final Divorce Order.pdf**
2674K

---

**Sarah Cuellar** &lt;attorney@sarahcuellar.com&gt;
To: ▓▓▓▓▓@gmail.com  

<span style="float:right">Wed, Jul 20, 2022 at 2:24 PM</span>

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Sarah
[Quoted text hidden]

---

**3 attachments**

📄 **ltr to Jason St John 7.20.22.pdf**
166K

📄 **Wilson Marital Settlement Agreement.pdf**
2238K

📄 **Wilson Final Divorce Order.pdf**
2674K

---

**StJohn, Jason** &lt;JasonStJohn@rocketmortgage.com&gt;
To: Sarah Cuellar &lt;attorney@sarahcuellar.com&gt;

<span style="float:right">Thu, Jul 21, 2022 at 5:51 AM</span>

Hello Sarah,

I have received this documentation and will need time to review accordingly.

I will follow up by 7/25/22 latest.

Thank you,

**Jason StJohn**
Servicing Escalation Specialist
Rocket Mortgage

**T** (313) 782-7293
**F** (844) 313-4583

 

[Quoted text hidden]

---

**StJohn, Jason** <JasonStJohn@rocketmortgage.com>
To: Sarah Cuellar <attorney@sarahcuellar.com>

Mon, Jul 25, 2022 at 7:00 AM

Hello,

It appears our team is still needing time to review the information that was sent over last week.

I will follow up further by 7/27/22 latest.

Thank you,

[Quoted text hidden]

---

**StJohn, Jason** <JasonStJohn@rocketmortgage.com>
To: Sarah Cuellar <attorney@sarahcuellar.com>

Mon, Jul 25, 2022 at 1:59 PM

Hello Sarah,

I am still reviewing this with our team and should have an answer by tomorrow, end of business day.

Thank you for your patience,

**Jason StJohn**
Servicing Escalation Specialist
Rocket Mortgage

**T** (313) 782-7293
**F** (844) 313-4583

 

---

**From:** StJohn, Jason
**Sent:** Thursday, July 21, 2022 8:51 AM
**To:** Sarah Cuellar <attorney@sarahcuellar.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Sarah Cuellar** <attorney@sarahcuellar.com>                              Tue, Jul 26, 2022 at 11:13 AM
To: "StJohn, Jason" <JasonStJohn@rocketmortgage.com>
Bcc: cwilson1063@gmail.com

Jason,

I received your voicemail indicating that you believe that Chase will allow my client to cash the check without Marsha's endorsement. Unfortunately, you're incorrect. My client already tried that route prior to hiring an attorney. While my client may or may not have a claim against Chase for wrongful refusal to honor a negotiable instrument, that doesn't relieve Rocket Mortgage of it's duties to my client under Washington law.

Please respond with a final yes or no as to whether Rocket Mortgage will reissue the check so that I know if I need to file suit to keep the momentum going towards resolution of this case.

Thank you,

Sarah
[Quoted text hidden]

---

**chuck wilson** < ██████ @gmail.com>                              Tue, Jul 26, 2022 at 11:36 AM
To: Sarah Cuellar <attorney@sarahcuellar.com>

Sarah,



[Quoted text hidden]

---

**Sarah Cuellar** <attorney@sarahcuellar.com>
To: ██████ █████████@gmail.com

Tue, Jul 26, 2022 at 12:06 PM

[Quoted text hidden]

---

**StJohn, Jason** <JasonStJohn@rocketmortgage.com>
To: Sarah Cuellar <attorney@sarahcuellar.com>

Tue, Jul 26, 2022 at 1:32 PM

Hello,

I am attempting to get this answer from my team however this was a possible alternative.

I will follow up tomorrow.

Thank you,

[Quoted text hidden]

---

**StJohn, Jason** <JasonStJohn@rocketmortgage.com>
To: Sarah Cuellar <attorney@sarahcuellar.com>

Wed, Jul 27, 2022 at 10:15 AM

Hello Sarah,

I am still pending review in attempt to get the check issued to solely Charles.

My team will have this by at latest per current advisory, however if I am advised sooner, I will follow up sooner than Monday, but I will contact Monday latest.

Thank you,

[Quoted text hidden]

---

**StJohn, Jason** <JasonStJohn@rocketmortgage.com>
To: Sarah Cuellar <attorney@sarahcuellar.com>

Mon, Aug 1, 2022 at 10:43 AM

Hello Sarah,

After review with my team, it was determined that a court order would be required to reissue the check in solely Charles' name.

The check only needs one endorsement that Is currently issued, and Charles is able to cash this check with only his endorsement.

[Quoted text hidden]

---

**Sarah Cuellar** <attorney@sarahcuellar.com>
To: ██████ █████████@gmail.com

Wed, Aug 3, 2022 at 11:10 AM

[Quoted text hidden]